IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BRIAN J. LYNGAAS, D.D.S., P.L.L.C., individually and as the representative of a class of similarly-situated persons,<br><br>                   Plaintiff,<br><br>v.<br><br>SOLSTICE BENEFITS, INC. and JOHN DOES 1-5,<br><br>                  Defendants. | No.<br><br>CLASS ACTION |

## CLASS ACTION COMPLAINT

Plaintiff, Brian J. Lyngaas, D.D.S., P.L.L.C. ("Plaintiff"), brings this class action on behalf of itself and all other persons similarly situated and, except as to those allegations pertaining to Plaintiff or its attorneys, alleges the following upon information and belief against defendant Solstice Benefits, Inc. ("Solstice"):

## PRELIMINARY STATEMENT

1. Solstice violated the Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA"), by sending unsolicited advertisements to Plaintiff and others by facsimile.

2. An "unsolicited advertisement" is "any material advertising

the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

3. The TCPA provides a private right of action and provides minimum statutory damages of $500 per violation. If the unsolicited advertisement was sent knowingly or willfully, then the Court can increase the damages up to three times, or $1,500 per violation. 47 U.S.C. § 227(b)(3).

4. On or about April 23, 2018, Plaintiff received an unsolicited advertisement on its fax machine from "Solstice" or "Solstice Benefits." A true and correct copy of that fax is attached as <u>Exhibit A</u>. Plaintiff's fax machine received and automatically printed the fax upon receipt.

5. Solstice did not have Plaintiff's prior express invitation or permission to send any advertisement by fax.

6. Plaintiff had no "established business relationship" with Solstice.

7. Faxed advertisements cause concrete damage to the recipients, such as wasting valuable time attempting to discern the source and purpose of the fax, interrupting privacy, tying up telephone

lines, preventing fax machines from receiving authorized faxes or sending outgoing faxes, wasting paper and ink toner, causing undue wear and tear on fax machines, and increasing costs or wasting fax resource allocations.

8. On behalf of itself and all others similarly situated, Plaintiff seeks statutory damages and other relief for each of Solstice's violations of the TCPA occurring during the statutory limitations period commencing four years prior to the filing of this action and continuing until the Court orders notice to a certified class.

## PARTIES, JURISDICTION, AND VENUE

9. Plaintiff, Brian J. Lyngaas, D.D.S., P.L.L.C., is a dental practice located at 18518 Farmington Road, Livonia, Michigan 48152, which is in Wayne County.

10. Defendant, Solstice Benefits, Inc., is a Florida corporation with its principal place of business located at 7901 SW 6th Court, Suite 400, Plantation, FL 33324.

11. Defendants John Does 1-5 are unknown persons liable as "senders" of some or all the facsimiles at issue.

12. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

13. Personal jurisdiction exists over Solstice in Michigan because it has committed tortious acts in the State by sending unlawful fax advertisements to Michigan residents.

14. Venue is proper in the Eastern District of Michigan, Southern Division, because Solstice committed statutory torts within this District and a significant portion of the events took place here.

## FACTS

15. Solstice has sent unsolicited advertisements by facsimile to Plaintiff and a class of similarly-situated persons.

16. Attached as Exhibit A is a true and correct copy of a one-page document Plaintiff received on its facsimile machine on or about April 23, 2018.

17. Exhibit A advertised the commercial availability or quality of property, goods, or services.

18. Exhibit A states that it is an advertisement: "The recipient is entitled to request that the sender not send any future advertisements to its telephone facsimile machines."

19. According to Exhibit A, sent in April 2018, Solstice was "happy to announce its January 1, 2018" selection as a "carrier" for the "dental PPO, DHMO, and Discount benefits administration" of "The National Association for Medical and Dental, Inc./Healthcare National Marketing, Inc.," a group which "has over 25,000 members who will choose betweenone [sic] of the plans listed below." Exhibit A.

20. Plaintiff was not a member of the identified group.

21. Exhibit A states, "You may be a contracted provider for one or all plans," but Plaintiff had no contract with Solstice.

22. By touting the company's selection by a 25,000-member group, Exhibit A advertised the commercial availability or quality of Solstice's goods or services.

23. Exhibit A says to "reach out to your local Solstice Provider Relations Representative" with any questions about the fax, but Plaintiff had no such representative.

24. Exhibit A invited the recipient to "log into (or create an account)Mysolstice.net [sic] before providing any plan benefits."

25. Solstice is not registered with the Michigan Secretary of State to do business in Michigan.

26. Solstice is not licensed by the Michigan Department of Insurance and Financial Services.

27. According to www.solsticebenefits.com:

> "Solstice" is the brand name for plans, products, and services provided by the subsidiaries and affiliate companies of Solstice Benefits, Inc. Plans, products, and services are provided by one or more Solstice entities. Not all plans, products, and services are available in each state. Solstice legal entities include: Solstice Benefits, Inc., Solstice Health Insurance Company, Solstice Healthplans, Inc., Solstice Healthplans of Arizona, Inc., Solstice of Illinois, Inc., Solstice Healthplans of Ohio, Inc., Solstice Healthplans of Texas, Inc., Solstice of New York, Inc., Solstice Administrators, Inc., Solstice Administrators of Alabama, Inc., Solstice Administrators of Arizona, Inc., Solstice of Minnesota, Inc., Solstice Administrators of Missouri, Inc., Solstice Administrators of North Carolina, Inc., Solstice Administrators of Texas, Inc., Claims Management Systems, Inc. Administrative Office for all Solstice entities: 7901 SW 6th Ct., Ste. 400, Plantation, FL 33324. 954.370.1700.

www.solsticebenefits.com (last visited 4/15/2022).

28. An August 20, 2021, article on TheSeniorList.com, entitled "Best Affordable Dental Insurance," describes Solstice as follows:

> Solstice offers prepaid, DHMO, indemnity, and PPO plans along with discount dental programs. They are currently offering plans in six states (AZ, FL, GA, NJ, NY, TN).

https://www.theseniorlist.com/insurance/dental/best/affordable/ (last visted 4/15/22).

29. Solstice did not have Plaintiff's prior express invitation or permission to send an advertisement by facsimile.

30. Plaintiff did not have an "established business relationship" with Solstice.

31. Although Exhibit A contains an opt-out notice, the notice was legally irrelevant and did not make the fax "solicited," because Solstice did not have an established business relationship with Plaintiff.

32. The opt-out notice Solstice included on Exhibit A is given in the smallest font on the page and not clear and conspicuous.

33. On information and belief, Solstice sent unsolicited advertisements by facsimile to more than 40 persons. Exhibit A is a generic form announcement with graphics and trademarks and no personalized information—*e.g.*, it is addressed to "Dear Doctor,"—it shows a variety of typographical errors, and sending advertisements in bulk by fax is an inexpensive way to reach a wide audience.

34. Plaintiff intends to discover the various unsolicited advertisements that Solstice sent by fax. *See* Exhibit B, a Demand for Preservation of All Tangible Documents Including Electronically Stored Information.

35. Plaintiff and the other class members owe no obligation to protect their fax machines from Solstice's unlawful advertisements. Their fax machines are ready to send and receive their urgent communications, or private communications about patients' dental needs, not to receive junk faxes.

## CLASS REPRESENTATION ALLEGATIONS

36. Plaintiff brings this action as a class action on behalf of itself and a class of all others similarly situated and initially defined as follows:

> All persons sent one or more facsimiles from Solstice on any date after April 17, 2018, advertising the commercial availability or quality of property, goods, or services.

Excluded from the class are Solstice, any entity in which Solstice has a controlling interest, Solstice's employees, officers and directors, Solstice's legal representatives, heirs, successors, and assigns, and any Judge assigned to this action, and his or her family.

37. Plaintiff anticipates modifying the proposed class definition—including proposing subclasses if appropriate—after discovery about the scope of Solstice's fax advertising practices as well as discovery as to any potential affirmative defenses Solstice may plead.

38. This action is brought, and may properly be maintained as, a class action under Fed. R. Civ. P. 23. This action satisfies Rule 23(a)'s numerosity, commonality, typicality, and adequacy requirements. Additionally, prosecution of Plaintiff's claims separately from the putative class's claims would create a risk of inconsistent or varying adjudications under Rule 23(b)(1)(A). Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23(b)(3).

## Numerosity/Impracticality of Joinder

39. On information and belief, the class includes more than forty persons and, thus, is so numerous that joinder of all members is impracticable. The precise number of class members and their identities are unknown to Plaintiff, but can be obtained from Solstice's records or the records of third parties.

## Commonality and Predominance

40. There is a well-defined community of interest and common questions of law and fact that predominate over any question affecting only individual members of the class. These common legal and factual

9

questions, which do not vary from one class member to another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

    a.    Whether Solstice sent unsolicited advertisements by fax;

    b.    Whether Solstice's fax advertised the commercial availability or quality of property, goods, or services;

    c.    The manner and method Solstice used to compile or obtain the lists of fax numbers to which it sent advertisements by fax;

    d.    Whether Solstice faxed advertisements without obtaining prior express invitation or permission to do so;

    e.    Whether Solstice sent advertisements by facsimile without having an established business relationship with the recipients;

    f.    Whether Solstice's facsimiles contained an opt-out notice that complied with the TCPA's requirements, including the requirement that the notice must be clear and conspicuous;

g. Whether Solstice is directly or vicariously liable for violating the TCPA;

h. Whether Plaintiff and the other class members are entitled to statutory damages;

i. Whether the Court should treble the statutory damages; and

j. Whether Solstice should be enjoined from sending unsolicited advertisements by facsimile in the future.

### Typicality of Claims

41. Plaintiff's claims are typical of the claims of the other class members because all were injured by the same wrongful practices. Plaintiff and the members of the class received Solstice's unsolicited advertisements by facsimile. If Plaintiff prevails on its claims, then the putative class members will prevail as well.

### Adequacy of Representation

42. Plaintiff is an adequate representative of the class. Plaintiff's interests do not conflict with the interests of the class. Plaintiff has retained counsel competent and experienced in complex class action litigation, and TCPA litigation in particular, and Plaintiff intends to

vigorously prosecute this action. Plaintiff and its counsel will fairly and adequately protect the interest of members of the class.

### A Class Action is the Superior Method of Adjudicating the Common Questions of Law or Fact that Predominate over Individual Questions

43. A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all class members is economically unfeasible and procedurally impracticable. Class members do not have strong interests in individually controlling the prosecution of separate actions. There is no other litigation pending regarding fax advertisements from Solstice. Management of these claims and their resolution as a class action will not be difficult.

### COUNT I
### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

44. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

45. Plaintiff brings Count I on behalf of itself and a class of similarly-situated persons.

46. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court

> of a state, bring in an appropriate court of that state:
>
> > (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C) Both such actions.

47 U.S.C. § 227(b)(3).

47. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227(b)(1).

48. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

49. <u>Exhibit A</u> is an unsolicited advertisement Solstice sent or caused to be sent by fax to Plaintiff.

50. Plaintiff intends to discover and include all unsolicited advertisements Solstice sent by fax.

13

51. Solstice violated 47 U.S.C. § 227 *et seq.* by sending advertisements by fax to Plaintiff and the other class members without their prior express invitation or permission and, to the extent Solstice contends it sent one or more advertisements by facsimile because of an "established business relationship" with the recipient, by failing to include the clear and conspicuous opt-out notice required on such facsimiles. 47 U.S.C. § 227(b)(2)(D)(i).

52. The FCC's regulations of opt-out notices on facsimile advertisements are set forth at 47 C.F.R. § 64.1200(a)(4)(iii).

53. Solstice is liable because it sent the faxes, caused the faxes to be sent, participated in the activity giving rise to and/or constituting the violation, the faxes were sent on its behalf, and/or under general principles of vicarious liability applicable under the TCPA, including actual authority, apparent authority, and ratification.

54. Solstice knew or should have known that Plaintiff and the other class members had not given express invitation or permission to send them Solstice's advertisements by facsimile and that the faxes did not display the opt-out notice clearly and conspicuously.

55. Even if Solstice did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Solstice's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

56. The Court, in its discretion, can treble the statutory damages if the violation was knowing or willful. 47 U.S.C. § 227.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly-situated, demands judgment in its favor and against Solstice, as follows:

    A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

    B. That the Court award $500 in statutory damages for each of Solstice's violations of the TCPA;

    C. That the Court treble the statutory damages to $1,500 per violation if it finds that Solstice knowingly or willfully violated the TCPA;

D. That the Court enter an injunction prohibiting Solstice from sending advertisements by fax without first demonstrating that it has obtained express invitation or permission to fax advertisements; and

E. That the Court award costs and such further relief as the Court may deem just and proper.

> Respectfully submitted,
>
> BRIAN J. LYNGAAS, D.D.S., P.L.L.C.,
> individually and as the representative
> of a class of similarly-situated persons,
>
> By: /s/ Phillip A. Bock
>    One of their attorneys
>
> Phillip A. Bock
> Robert M. Hatch
> BOCK HATCH & OPPENHEIM, LLC
> 203 N. La Salle Street, Ste. 2100
> Chicago, IL 60601
> Telephone: 312-658-5500
> Facsimile: 312-658-5555
> Email: service@classlawyers.com
>
> Richard E. Shenkan
> SHENKAN INJURY LAWYERS, PLLC
> 6550 Lakeshore Street
> West Bloomfield, MI 48323
> Telephone: 1-800-601-0808
> Facsimile: 1-888-769-1774
> Email: rshenkan@shenkanlaw.com