UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN J. LYNGAAS, D.D.S.,
P.L.L.C., individually and as the
representative of a class of similarly-
situated persons,

    Plaintiff,

v.

                                                 Civil Case No. 22-10830
                                                 Honorable Linda V. Parker

SOLSTICE BENEFITS, INC. and
JOHN DOES 1-5

    Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 15)**

    This is a putative class action arising out of an unsolicited facsimile message ("fax") sent to Plaintiff and others by Defendants in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq* (the "TCPA"). On April 18, 2022, Plaintiff Brian J. Lyngaas, D.D.S., P.L.L.C. ("Plaintiff") filed a Complaint on behalf of itself and persons similarly situated alleging that Defendant Solstice Benefits, Inc. ("Solstice") and Defendants unknown John Does 1-5, violated the TCPA by "sending advertisements by fax to Plaintiff and the other class members without their prior express invitation or permission . . . ." (ECF No. 1.) The matter is presently before the Court on Solstice's Motion for Judgment on the Pleadings

filed on September 23, 2022. (ECF No. 15.) The motion is fully briefed. (ECF Nos. 20, 22.) Finding the facts and legal arguments sufficiently presented by the parties, the Court is dispensing with oral argument with respect to the parties' motions pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court is denying Solstice's motion.

## I. Factual Background

Plaintiff is a dental practice located in Livonia, Michigan. (ECF No. 1 at Pg ID 3, ¶ 9.) Solstice is a dental insurance carrier and benefits administrator located in Plantation, Florida. (*Id.* at Pg ID 5, ¶ 19.) On or about April 23, 2018, Plaintiff received a fax of a one-page document from Solstice. The document stated, in part, the following:

> Dear Doctor,
>
> Solstice is happy to announce that effective January 1, 2018*The* [sic] *National Association of Medical and Dental, Inc. /Healthcare National Marketing, Inc.*has [sic] selected us as their carrier for theirdental [sic] PPO, DHMO, and Discount benefits administration. This group has over 25,000 members who will choose betweenone [sic] of the plans listed below: . . . .

(*Id.*; Ex. A, ECF No. 1-1 at Pg ID 18.).

The document also states, "You may be a contracted provider for one or all plans" and "To verify eligibility, log into (or create an account)Mysolsice.net [sic] before providing any plan benefits." (*Id.*) Further, the document provides that

2

"[s]hould you have any questions . . . you may contact our Customer Service Department" and "You can also reach out to your local Solstice Provider Relations Representative or email ProviderRelations@SolticeBenefits.com." (*Id.*) The document closes with "We look forward to continuing to promote your practice through our growing membership base!" (*Id.*) Finally, the bottom of the document contains an "opt-out notice" in small font that reads: "The Recipient is entitled to request that the sender not send any future advertisements to its telephone facsimile machines." (*Id.*; ECF No. 1 at Pg ID 4, ¶ 18.)

According to Plaintiff, it did not provide Solstice with any prior invitation or permission to send "an advertisement" and "Plaintiff did not have an established business relationship." (ECF No. 1 at Pg ID 7, ¶ 30.) Plaintiff also believes that Solstice and John Doe Defendants sent faxes to over forty other individuals.

## II. Legal Standard

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed, . . . any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings follows the same rules as a motion to dismiss under Rule 12(b)(6). *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020) (citing *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)) A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134

(6th Cir. 1996). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Majestic Bldg. Maint., Inc. v. Huntington Bancshares Inc.*, 864 F.3d 455, 458 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678.) Moreover, the plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (citation omitted) ("For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* (citing *Paskvan v. City of Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991)). The court may take judicial notice "only of facts which are not subject to reasonable dispute." *Jones v. Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (quoting *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005)).

### III. Analysis

As an initial matter, the parties disagree as to whether Plaintiff has an established business relationship with Solstice. Solstice discusses it briefly by stating, " Plaintiff alleges he did not have a contract with Solstice, . . . but that does not mean Plaintiff was not a contracted provider through a network affiliated with Solstice. He was." (ECF No. 12 at Pg ID 93 n.1) However, Solstice does not elaborate any further or provide any evidence to support the assertion. As such,

5

the Court will focus the analysis on whether the fax is considered an advertisement under the TCPA. "Whether a fax constitutes an unsolicited advertisement is a question of law." *Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*, 962 F.3d 882, 890 (6th Cir. 2020) (citing *Sandusky Wellness Ctr., LLC*, 788 F.3d 218, 221 (6th Cir. 2015)).

Solstice maintains that it is entitled to judgment on the pleadings as a matter of law because the document faxed to Plaintiff is not an 'advertisement' under the TCPA. Rather, the document was faxed to 'inform' Plaintiff "that [it] may be a contracted provider for some dental insurance plans, to verify eligibility before providing any plan benefits (dental care to plan members), and how Plaintiff can submit claims to Solstice for payment *from* Solstice to Plaintiff for providing dental care to plan members." (ECF No. 15 at Pg ID 83 (emphasis in original).) Under the TCPA, it is unlawful to "use any telephone facsimile machine . . . to send, to a telephone facsimile machine, an unsolicited advertisement, unless . . . the unsolicited advertisement is from a sender with an established business relationship with the recipient." 47 U.S.C. § 227(b)(1)(C)(i). The TCPA defines an "unsolicited advertisement" as " any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission . . . ." *Id*. § 227(a)(5).

6

First, Solstice relies on the Sixth Circuit's decision in *Sandusky Wellness Ctr., LLC*, to support its position that the fax is not an 'advertisement' for purposes of the TCPA. 788 F.3d 218 (6th Cir. 2015). Specifically, Solstice maintains that it is not an advertisement because "it does not promote the sale of Solstice's products to Plaintiff but only provides information regarding dental coverage through several plans for which Plaintiff is already or otherwise 'may be a contracted provider'. . . ." (ECF No. 15 at Pg ID 93.)

In *Sandusky*, the defendant—which was a pharmacy benefits manager that acted as an intermediary health plan for sponsors and prescription drug companies—sent an initial fax which "informed" the plaintiff that "[t]he health plans of many of your patients have adopted" the defendant's formulary. *Id.* at 220. The fax also included language asking the plaintiff to "consider prescribing plan-preferred drugs" to "help lower medication costs for [plaintiff's] patients," and it listed some of those drugs. *Id.* (alteration to original). Months later, the defendant sent a second fax that included an update to the formulary. *Id.*

In determining whether the fax would be considered an "advertisement," the Sixth Circuit concluded that "[a]n advertisement is any material that promotes the sale (typically to the public) of any property, goods, or services available to be bought or sold so some entity can profit." *Id.* at 222. (citing Black's Law Dictionary (10th ed.) at 65 ("defining advertisement as a 'commercial solicitation;

7

an item of published or transmitted matter made with the intention of attracting clients or customers'")). The court ultimately held that the two faxes could not be considered to be advertisements because although "[t]hey call items (medications) and services ([defendant]'s formulary) to [plaintiff's] attention, . . . no record evidence shows that they do so because the drugs or [the defendant's] services are for sale by [the defendant], now or in the future." *Id.* (alterations to original). The *Sandusky* court also emphasized that "a fax need not be an explicit sale offer to be an ad . . . . But the fax itself must at least be an indirect commercial solicitation, or pretext for a commercial solicitation." *Id.* at 225.

In response, Plaintiff maintains that "a fax can be a TCPA advertisement even where it does [sic] expressly offer anything for sale to or seek to directly profit from a transaction with the target of the fax." (ECF No. 20 at Pg ID 131 (citing *Fulton*, 962 F.3d at 890).) In *Fulton*, the plaintiff—a dental practice—received a fax that stated in part, "LexisNexis is seeking your cooperation to verify or update your information. We validate and update the fax in our system so our clients can use them for clinical summaries, prescription renewals, and other sensitive communications" *Fulton*, 962 F.3d at 885. The fax also provided a website with Frequently Asked Questions ("FAQs") and noted that the defendants "have compiled the largest, most accurate database of medical provider business and professional demographic data in the United States." *Id.* at 885-86.

8

In determining whether the fax was an "advertisement," the *Fulton* court noted that the district court erred in its interpretation of *Sandusky*, which it mistakenly concluded that "a TCPA claim fails unless the commercial nature of the fax is evident from the face of the fax." *Id.*; *see also Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*, No. 16-13777, 2017 WL 783499, at *3 (E.D. Mich. Mar. 1, 2017), *rev'd and remanded,* 907 F.3d 948 (6th Cir. 2018). The court noted that the district court should not have "disregarded the exhibits" outside of the fax itself, because "the exhibits are part of the record." *Fulton*, 962 F.3d at 890. In other words, when evaluating whether a fax is an advertisement under the TCPA for purposes of a motion to dismiss, a court must review the entire record, including the fax and exhibits referred to in the pleadings. *Id.* Further, the court reaffirmed the *Sandusky* court in determining that "the TCPA covers faxes that serve as 'pretext for a commercial solicitation.'" *Id.* (quoting 788 F.3d at 225). Thus, the court concluded that the fax was an unsolicited advertisement because "it served as a commercial pretext for future advertising opportunities" by making the solicited information "commercially available to other healthcare organizations," and held that the plaintiff "stated a plausible TCPA claim under the fax-as-pretext theory." *Id.* at 891. Because the court concluded the fax was an advertisement under this theory, it elected to not engage in an analysis of whether the defendant sent the fax with a "profit motive." *Id.*

9

Here, the Court finds that the fax sent by Solstice was in fact an advertisement under the TCPA. Unlike the defendant in *Sandusky*, Solstice sent the fax as an indirect commercial solicitation with a profit motive. First, Plaintiff—a dental office—received a fax from Solstice—a dental insurance carrier and benefits administrator—which on its face, begins by boasting about being selected as a carrier for their dental plans and benefits administration by a national association. (ECF No. 2-1 at Pg ID 18.) The fax also has a line stating, "You *may* be a contracted provider for one or all plans," *see id.*, which leads the Court to believe that it is an advertisement because a company with the scale of Solstice's—one with a single group containing over 25,000 members—would have the capability to know for certain whether a recipient is in fact a contracted provider. Next, the fax craftily directs the recipient to the website by stating that in order "[t]o verify eligibility," they should "log into (*or create an account*)Mysolstice.net [sic]." (*Id.* (emphasis added).)

Once the recipient arrives to Solstice's website, it states that Solstice is in the business of "buil[ding]" a "provider network" of dentists with the goal of "offer[ing] . . . benefits to simplify your business and expand your patient base." (ECF No. 15-1 at Pg ID 99.) Solstice also outlines in detail its offerings, including its "Signature Service," which provides "[t]imely claim payments," "[e]asy administration," "Online Provider Web Portal to verify eligibility and plan benefits

10

online," and notes that it is "URAC Accredited for peace of mind." *Id.* Moreover, if a dentist or dental office goes to the website and follows through with 'verifying' whether it is a contracted provider by actually creating an account, the Court questions whether the expansive services offered by Solstice would be free of charge. However, regardless of whether there is a fee, at the pleadings stage, Plaintiff does not need to demonstrate that Solstice intends to profit; "the more granular details are properly a question for discovery." *See Michigan Urgent Care & Primary Care Physicians, P.C. v. Med. Sec. Card Co., LLC*, No. 2:20-CV-10353-TGB, 2020 WL 7042945, at **2–3 (E.D. Mich. Nov. 30, 2020) (Berg, J.) ("For purposes of making a plausible claim [under the TCPA] that may withstand a motion to dismiss, it is clear from the allegations in the Complaint that the program being promoted is not a welfare program, nor is it one being run by a charity, non-profit, or philanthropic entity."). As the *Sandusky* court noted, a company's fax that "draw[s] the relevant market's attention to its product to promote its sale (albeit indirectly)," may be considered an advertisement. *Sandusky Wellness Ctr., LLC*, 788 F.3d at 222 (citing *Physicians Healthsource, Inc. v. Stryker Sales Corp.*, No. 1:12–CV–0729, 65 F.Supp.3d 482, 488–90 (W.D. Mich. Dec. 12, 2014)); *See e.g., Mauthe v. Nat'l Imaging Assocs., Inc.*, 767 F. App'x 246, 249 (3d Cir. 2019) (A fax that "induce[s] or direct[s] a willing buyer to seek further information

through a phone number, an email address, a website, or equivalent method for the purposes of making a purchase" is considered an advertisement.)

Evidence in the record, including the fax and website, demonstrates that Solstice sent the fax "with the hopes to make a profit . . . indirectly," and was seeking "to attract clients or customers . . . ." *Sandusky Wellness Ctr.*, 788 F.3d at 222 (noting considerations the court engaged in when determining whether the fax was an advertisement). Although not a direct solicitation on its face, one could reasonably argue, that taken as a whole, the fax is "at least . . . an indirect commercial solicitation" to promote the sale of its provider network service for Plaintiff to purchase. *Id.* at 225. Faxes that find inconspicuous and clever methods to direct the relevant market to a company's commercial website under the guise of "verification" is contrary to Congress' stated intent in passing the TCPA. *See* S. Rep. No. 102–178, at 1 (1991), *reprinted in* 1991 U.S.C.C.A.N. 1968, 1968 ("The purposes of the bill are to protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile [] machines . . . ."); *Ashland Hosp. Corp. v. Serv. Emps. Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 740 (6th Cir. 2013).

## IV.  Conclusion

For the reasons stated above, the Court finds that the April 23, 2018 fax sent to Plaintiff by Solstice is an advertisement[1] under the TCPA.  As such, Solstice failed to demonstrate that it is "clearly entitled to judgment."  *See Winget*, 510 F.3d at 581.

Accordingly,

**IT IS ORDERED** that Solstice's Motion for Judgment on the Pleadings (ECF No. 15) is **DENIED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: April 12, 2023

---

[1] Parties debate whether the language at the bottom of the fax, which provides an opt-out option from receiving "advertisements," is relevant to a determination that the document is an advertisement or merely considered boilerplate language. (ECF No. 15 at Pg ID 85, 94-96; ECF No. 20 at Pg ID 131 n.1.)  Because the Court already concludes that the fax is an advertisement, it need not reach this additional argument.