UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN J. LYNGAAS, D.D.S.,
P.L.L.C.,

    Plaintiff,

v.

SOLSTICE BENEFITS, INC.,

    Defendant.

_____/

Case No. 22-10830

Linda V. Parker
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## ORDER VACATING ORDER TO SHOW CAUSE; GRANTING PLAINTIFF'S MOTION TO SEAL; DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER; GRANTING DEFENDANT'S FOR PROTECTIVE ORDER.  (ECF Nos. 37; 51; 63; 66).

Plaintiff filed this proposed class action lawsuit on April 18, 2022.  (ECF No. 1).  This matter was referred to the undersigned for all pretrial matters.  (ECF No. 46).  This matter is presently before the Court on the Court's Order to Show Cause, Plaintiff's motion to seal, Plaintiff's motion for protective order, Defendant's motion for protective order, and the parties' joint motion to strike the current case management order and reset deadlines.  (ECF Nos. 37; 51; 63; 66).

### I.   Motion to Seal

Eastern District of Michigan Local Rule 5.3 provides procedures for filing civil material under seal.  Rule 5.3(b) governs here because no rule or statute is

1

cited as authorizing sealing the documents.  Plaintiff indicates the motion to seal is

filed regarding documents designated "Confidential" pursuant to the parties

stipulated protective order.  (ECF No. 66, PageID.1387).  Rule 5.3(b) requires,

among other things, that an unredacted version of the subject documents be filed

under seal for evaluation by the Court.  Plaintiff filed an unredacted version of the

brief and documents in accordance with Local Rule 5.3 only after the Court issued

an Order to Show Cause for failure to do so.  (ECF Nos. 63; 67).  As Plaintiff has

timely responded to the Court's Order, the Court's Order to Show Cause is

**VACATED**.  (ECF No. 63).

        In this Circuit, Courts are not permitted to take motions to seal lightly.  The

Sixth Circuit has long recognized a "strong presumption in favor of openness" in

court records.  *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834

F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*,

710 F.2d 1165, 1179 (6th Cir. 1983)).  The "heavy" burden of overcoming that

presumption rests with the party seeking to seal the records.  *Shane Grp., Inc. v.*

*Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).  The moving

party must show that it will suffer a "clearly defined and serious injury" if the

judicial records are not sealed.  *Id.* at 307.  This burden must be met **even if no**

**party objects to the seal**, and it requires a "document-by-document, line-by-line"

demonstration that the information in the document meets the "demanding"

2

requirements for the seal. *Id.* at 308. In delineating the injury to be prevented, "specificity is essential." *Id.* Typically, "only trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)" are enough to overcome the presumption of access. *Id.* Should the Court order a document to be sealed, the Court must articulate why the interests supporting nondisclosure are compelling, why the interests supporting public access are not as compelling, and why the scope of the seal is no broader than necessary. *Id.* at 306.

Plaintiff argues the Court should order the documents be sealed because they are designed as "Confidential" pursuant to the stipulated protective order entered by the parties. (ECF No. 66, PageID.1387). Plaintiff suggests that the information "is confidential information that is not publicly available (such as research and development, commercial, or other sensitive information)[.]" (*Id.* at PageID.1388).

Even where the parties have entered a stipulated protective order, they must still satisfy the detailed analysis and specific findings and conclusions to justify the nondisclosure to the public. *Best Value Auto Parts Distributors, Inc. v. Quality Collision Parts, Inc.*, No. 19-12291, 2020 WL 6887362, at *2 (E.D. Mich. Nov. 24, 2020) (denying a motion for protective order where "[a]side from explaining that the materials are subject to the parties' stipulated protective order, however,

the defendant did not 'analyze in detail, document by document, the propriety of secrecy' with supporting argument and legal citations.") (quoting *Shane Group*, 825 F.3d at 305) ; *Babcock & Wilcox Co. v. Cormetech, Inc.*, No. 5:14CV514, 2017 WL 4286776, at *1 (N.D. Ohio Sept. 27, 2017) ("In 2016, more than two years after this case was filed, the Sixth Circuit made clear that sealing orders are rarely to be entered and that agreements by parties as to what may be designated as confidential for purposes of discovery, i.e., stipulated protective orders, have little, if any, bearing on the filing of documents under seal with the Court.").

Despite Plaintiff's thin arguments and failure to perform a detailed analysis, the Court shall **GRANT** the motion to file under seal.  (ECF No. 66).  The interests supporting nondisclosure here are compelling as the information redacted and filed under seal is not of consequence to the Court's conclusions about the motion for protective order of Defendant's Chief Executive Officer ("CEO").  (ECF No. 67). As the information under seal has little, if any, bearing on the Court's conclusions, there is little harm to the public in granting the motion.  The Court will not overlook a failure to articulate good cause for a seal in future filings.  Parties should explain why the interests supporting nondisclosure are compelling, why the interests supporting public access are not as compelling, and why the scope of the seal is no broader than necessary.

## II.   Motions for Protective Order

### a. Standard Governing Motions for Protective Order

Rule 26(c) allows the Court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had, or that the disclosure or discovery be limited to certain matters. Fed. R. Civ. P. 26(c). The party seeking a protective order has the burden of showing that good cause exists for the order. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). To show good cause, the movant must articulate specific facts showing "clearly defined and serious injury resulting from the discovery sought and cannot rely on conclusory statements." *Id*. (citations and internal quotation marks omitted).

### b. Analysis of Defendant's Motion for Protective Order

On July 11, 2023, Defendant moved for a protective order protecting Defendant's Chief Executive Officer ("CEO"), Dr. Weiss, from deposition. (ECF No. 51). Defendant argues that Dr. Weiss has no unique personal knowledge of the material facts of this lawsuit that Plaintiff cannot obtain from deposing other Solstice employees. (*Id.* at PageID.1097). Defendant states that Plaintiff has not deposed the Solstice employees who were personally involved in the preparation or transmission of the subject fax and deposing the CEO of Solstice without first having deposed the individuals with more knowledge would be unduly burdensome. (*Id.* at PageID.1098-99). Defendant also notes that Plaintiff has not

5

sought a Rule 30(b)(6) deposition of a corporate representative yet. (*Id.* at PageID.1097).

Defendant argues that deposing a party's senior executive under the current circumstances is inappropriate. (*Id.* at PageID.1098). Defendant asserts that Dr. Weiss has no unique, personal knowledge of the facts here and, for many topics, has no knowledge. (*Id.*). Defendant indicates it would incur significant expense to prepare Dr. Weiss for a disposition where he does not have personal knowledge and "sent only a single, one-word e-mail message regarding the Fax Message." (*Id.*) (citing "Weiss Decl. at ¶ 6").[1] Defendant explains that preparing Dr. Weiss for the deposition would also divert time and resources from his duties as an executive at Solstice. (*Id.*).

Defendant argues that, given Dr. Weiss's lack of knowledge of this matter, that Plaintiff's attempts to depose Dr. Weiss are motived by harassing and annoying Solstice and its CEO. (*Id.* at PageID.1099). Defendant indicates Plaintiff has more convenient and less burdensome avenues of discovery available and Plaintiff has not undertaken any of those options prior to seeking to depose Dr. Weiss. (*Id.*). Defendant asserts that other Solstice employees are better situated to provide the requested discovery. (*Id.* at PageID.1101). Defendant argues that

---

[1] The undersigned presumes these citations are referring to attachment three, which lacks an exhibit designation. In future filings, counsel should designate each attachment as an exhibit and cite the exhibits by either number or letter for the sake of clarity rather than using confusing and ambiguous shorthand such as "Weiss Decl. at ¶ 6."

allowing Plaintiff to depose Dr. Weiss before pursuing other less burdensome, more convenient, and less expensive routes would be unduly burdensome to Solstice. Defendant asserts Plaintiff should first depose Solstice employees with direct involvement in the relevant facts or serve a Rule 30(b)(6) deposition notice. (*Id.* at PageID.1102).

In response, Plaintiff argues that Weiss was "directly involved" in forming the customer relationship highlighted in the fax at issue, that Weiss had first-hand knowledge about the customer service issues that prompted the fax, approved payment for the fax, and verified the interrogatory responses. (ECF No. 55, PageID.1221-22). Plaintiff argues that Sixth Circuit precedent has rejected the 'apex doctrine' which is a doctrine that "bars the deposition of high-level executives absent a showing of their 'unique personal knowledge' of relevant facts." *Serrano v. Cintas Corp.*, 699 F.3d 884, 900 (6th Cir. 2012). Plaintiff notes that *Serrano* held that a protective order cannot be justified based on a "bald assertion" that deposing a corporate officer would be unduly burdensome simply because that officer is at the apex of corporate leadership. (ECF No. 55) (citing *Serrano*, 699 F.3d at 901).

*Serrano*'s holding is that a corporate officer may not avoid deposition simply by nature of their position, that an apex officer is still subject to requirements of Rule 26(c)(1) in determine whether a deposition is unduly

7

burdensome.  *Serrano*, 699 F.3d at 901 (citing *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009)).  Even so, *Serrano* did not hold that a corporate officer may be deposed at any time no matter if the information may be obtained through other sources or is unduly burdensome.  *Davis v. SIG Sauer, Inc.*, No. 322CV00010GFVTEBA, 2023 WL 3292869, at *2 (E.D. Ky. May 5, 2023) ("However, [the *Serrano* holding] doesn't mean all high-level executives must sit for discovery depositions at the whim of counsel.").

The court in *Serrano* noted that an apex official may not avoid deposition on "the *assumption* that the deposition would be unduly burdensome." *Serrano*, 699 F.3d at 902 (emphasis added).  In assessing whether deposing an apex official is appropriate Courts should balance "the burdens on the deponent with the need for access to information relevant to the case, thus ensuring compliance with Rule 26(c)(1)."  *Id.*  A deposition of an apex official can be unduly burdensome where the discovery sought "is available through another more convenient and less expensive source[.]"  *Davis*, No. 322CV00010GFVTEBA, 2023 WL 3292869, at *3.  In sum, the Court need not be blind to reality that depositing an organization's CEO may be burdensome for a party.

Plaintiff argues that Weiss was involved with sending the fax at issue and Weiss was aware of the customer service issues that caused the fax.  (ECF No. 55, PageID.1227-28).  In support of this, Plaintiff references emails sent that support

that Weiss knew of the customer service issues and approved the fax.  (*Id.*).  In

reply Defendant clarifies that it does not argue that Weiss knows nothing of

relevance to the lawsuit, but that Plaintiff has other less burdensome, less

expensive, and more convenient ways to access the information.  (ECF No. 57,

PageID.1244).  Indeed, Defendant asserts that Plaintiff noticed Dr. Weiss's

deposition "[b]efore taking a single deposition in this case[.]"  (ECF No. 57,

PageID.1242).

One of the bases relied upon by Plaintiff is that Weiss verified Defendant's

interrogatories and Plaintiff appears to be asserting this is a reason to depose Dr.

Weiss.  (ECF No. 55, PageID.1230).  Defendant argues this is not material to

whether Plaintiff should be able to depose Weiss.  (ECF No. 51, PageID.1103-4).

Defendant states that Dr. Weiss verified the answers "based on a review of records

and other information from Solstice personnel and counsel" rather than because of

his personal knowledge.  (*Id.*).

The cases relied upon by Plaintiff do not support that verification of

interrogatories is an independent and adequate basis to depose the chief officer of

an organization, or that the verification of interrogatories is at all relevant to

whether a deposition should be allowed.  (ECF No. 55, PageID.1230) (citing *Cf.*

*Shepherd v. American Broad. Cos., Inc.*, 62 F.3d 1469, 1482 (D.C. Cir. 1995) ("the

representative must have a basis for signing the responses and for thereby stating

9

on behalf of the corporation that the responses are accurate"); *Balsley v. L.F.P., Inc.*, Case No. 08 CV 491, 2009 WL 10688224, *1 (N.D. Ohio March 10, 2009) ("Flynt maintains 'he played no role' in the decision to publish Plaintiffs' photographs, and that decision was handled by my employees without any input from me."); *Gazvoda v. Department of Homeland Sec.*, Case No. 15-cv-14099, 2018 WL 1281756, *4 (E.D. Mich. Mar. 13, 2018) ("two individuals verified that the interrogatory answers were accurate")).

These cases do not support Plaintiff's argument. Federal Rule of Civil Procedure 33 does not restrict answers by a representative of a corporate party to those with personal knowledge. The interrogatories may be answered by an officer or agent who must "furnish the information available *to the party.*" Fed. R. Civ. P. 33(b)(1)(B) (emphasis added); *accord. Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1481 (D.C. Cir. 1995); *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prod. Liab. Litig.*, No. 2:18-CV-01022, 2023 WL 3902735, at *5 (S.D. Ohio June 8, 2023) (collecting cases) ("Rule 33 of the Federal Rules of Civil Procedure provides that interrogatories directed to a corporation must be answered by 'any officer or agent,' and does not restrict that to those with personal knowledge.").

Indeed, each of the cases Plaintiff relies on is readily distinguishable or even holds the opposite of what Plaintiff asks the Court to do here today. *Shepherd*, 62

F.3d at 1482; *Balsley*, Case No. 08 CV 491, 2009 WL 10688224 at *1; *Gazvoda*, Case No. 15-cv-14099, 2018 WL 1281756 at *4. *Shepherd* deals with assertions that interrogatory verification was improper where, three years after verifying the responses, a corporate representative did not recall the process she used to ascertain the truthfulness of the corporations' responses. *Shepherd*, 62 F.3d at 1482. *Balsely* pre-dated the Sixth Circuit's holding in *Serrano* and the *Balsely* Court *applied the apex doctrine* requiring unique or specialized knowledge to bar the deposition of the owner of a magazine — the exact opposite of what Plaintiff asks the Court to do today. *Balsley*, No. 1:08 CV 491, 2009 WL 10688224 at *2 ("Accordingly, the mere fact that Flynt complied with Rule 33 does not then mean that Flynt should be deposed in the absence of a demonstration by Plaintiffs that Flynt has unique or specialized knowledge of Plaintiffs' claims."). The *Balsley* court also rejected the argument that verification of discovery responses supported that deposition was appropriate and noted "Plaintiffs' argument that Flynt's verification of the interrogatory responses somehow suggest that Flynt can be deposed *is not well-taken*." *Id.* (emphasis added). The court in *Gazvoda* addressed whether someone who verified discovery responses could be deposed based on his personal knowledge of the responses, but that individual was in-house counsel for the agency he verified responses on behalf of. *Gazvoda*, No. 15-CV-14099, 2018 WL 1281756, at *6. Therefore, the *Gazvoda* court applied the test for when

11

discovery from an opposing counsel is appropriate, which is irrelevant to the issue currently before this Court. These cases do not support Plaintiff's arguments.

In any event, the undersigned is not persuaded the case law supports that Dr. Weiss's verification of the discovery responses has any bearing on whether his deposition is appropriate now.

Rule 26(c) allows the Court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had, or that the disclosure or discovery be limited to certain matters. Fed. R. Civ. P. 26(c). The party seeking a protective order has the burden of showing that good cause exists for the order. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001).

The Court concludes there is good cause for a protective order preventing the deposition of Dr. Weiss at this early phase of the litigation. It appears Plaintiff has not attempted to gather information from other sources who may be more familiar with the relevant conduct before jumping to the apex of Defendant's organization. Defendant argues that Plaintiff's attempts to depose Dr. Weiss are motived by harassing and annoying Solstice and its CEO. (ECF No. 51, PageID.1092; PagID.1099). The undersigned is inclined to agree. There appear to be better situated, knowledgeable individuals who were more closely involved with the sending of the fax who would be more convenient and less expensive to depose

12

than Defendant's CEO.  Because there are other sources of discovery that Plaintiff

has not pursued to obtain this information, compelling Dr. Weiss to sit for the

deposition would be unduly burdensome at this time.  Defendant's motion for

protective order is **GRANTED** until Plaintiff has reasonably and in good faith

pursued discovery from other sources.  (ECF No. 51).  The undersigned cautions

Plaintiff that efforts to depose Dr. Weiss again without first exhausting other

sources of discovery could subject Plaintiff to sanctions.  The Court does not look

favorably upon efforts to harass and annoy.

### c.  *Analysis of Plaintiff's Motion for Protective Order*

On May 24, 2023, Plaintiff filed a motion for a protective order regarding

Defendant's communications with absent class members.  (ECF No. 37).

Plaintiff's position is that there is no need to communicate with absent class

members before the Court determines the class certification.  (*Id.* at PageID.445).

Plaintiff argues that the absent class members are unlikely to know anything about

this case and are unlikely to remember receiving Solstice's fax in April 2018.

(*Id.*).  Plaintiff's motion asks that the Court order the parties to "to produce

immediately any written correspondence sent to absent class members about this

case, and requiring parties to coordinate before contacting absent class members

about the litigation so that all counsel may be present for in-person discussions."

13

(*Id.* at PageID.453). Plaintiff indicates these measures are necessary to protect against potential abuse and coercion. (*Id.*).

Plaintiff suggests that the Court should limit Defendant's ability to contact putative class members until the Court is "convinced the contacts would seek relevant, discoverable information." (*Id.* at PageID.447). Yet Plaintiff presents little evidence that the communication by Defendant does not seek relevant discoverable information, or that the communication otherwise presents concerns of coercion and abuse. Plaintiff notes the Eleventh Circuit has found that a unilateral communications scheme is "'rife with potential for coercion,' particularly where 'the class and the class opponent are involved in an ongoing business relationship.'" (*Id.* at PageID.449) (quoting *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1202 (11th Cir. 1985)). That said, Plaintiff does not indicate whether the potential class members currently engage in an ongoing business relationship with the class opponent. The undersigned does note that Defendant appears to be attempting to argue that it has an existing provider relationship with the potential class members and Plaintiff when the fax was sent in 2018. Even so, Plaintiff's motion lacks any allegation of the existence of or factual details supporting that there is an ongoing business relationship between Defendant and potential class members. (ECF No. 37, PageID.444). In future filings, counsel is encouraged to focus on stating the factual support for their arguments and the

14

logical bridge between the legal analysis and the factual issues presented in the motion.

And *Kleiner* is poorly matched to the facts here. *Kleiner* involved an intentional scheme by the defendant to reach class members and entice them to withdraw from the class before those members received the court-approved notice advising them of their rights. The issue presently before the Court is whether Defendant may contact putative class members before class certification.

In response, Defendant states that it has informed Plaintiff's counsel that communication would "disclose the existence of the lawsuit, that it is a proposed class action, that we represent the Defendant, the identity of the Plaintiff and his counsel, the parties' positions, and that the putative class member has the right to decline to speak with us as well as the right to have their own legal representation during the communications." (ECF No. 44, PageID.691). Plaintiff's reply brief contains no additional factual allegations in support of the motion or relevant legal analysis which would aid in the question before the court. (ECF No. 47).

An order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981). "The moving party must demonstrate that the actual or anticipated communications are or will be

abusive in that [they] threaten[ ] the proper functioning of the litigation."

*Tolmasoff v. Gen. Motors, LLC*, No. 16-11747, 2016 WL 3548219, at *11 (E.D.

Mich. June 30, 2016) (internal quotation marks omitted, further citation omitted)

(alterations original).  Abusive communications that courts have found sufficient to

warrant a protective order include those which: coerce prospective class members

into excluding themselves from the litigation; contain false, misleading, or

confusing statements; or undermine cooperation with or confidence in class

counsel.  *Young v. Chieftain Coating, LLC*, No. 20-CV-10520-DT, 2022 WL

3020134, at *2 (E.D. Mich. July 29, 2022) (citing and *Cox Nuclear Med. v. Gold

Cup Coffee Servs., Inc.*, 214 F.R.D. 696, 697-98 (S.D. Ala. Mar. 7, 2003)).

      "Generally, courts should refrain from interfering 'with any party's ability to

communicate freely with putative class members unless there is a specific reason

to believe that such interference is necessary.'"  *Perkins v. Benore Logistics Sys.,

Inc.*, No. 16-13717, 2017 WL 445603, at *2 (E.D. Mich. Feb. 2, 2017) (quoting

*Austen v. Catterton Partners*, 831 F. Supp. 2d 559, 567 (D. Conn. Apr. 6, 2011)).

"Intervention is warranted . . . where such communications are found to be

misleading or coercive, as such communication poses 'a serious threat to the

fairness of the litigation process, the adequacy of representation and the

administration of justice.'"  *Id.*  (quoting  *Brown v. Mustang Sally's Spirits & Grill,

Inc.*, No. 12-CV-529S, 2012 WL 4764585, at *3 (W.D.N.Y. Oct. 5, 2012)).

The record before the Court does not support that Defendant has engaged in any communications that would warrant the Court's interference, much less that Defense counsel has engaged in the type of "subterfuge and subversion" that constitutes "an intolerable affront to the authority of the district court to police class member contacts." *Kleiner*, 751 F.2d at 1203.  Simply put, Plaintiff advances no clear record of specific findings that would warrant a need for limitation of communication.  Thus, Plaintiff's motion is **DENIED**.  (ECF No. 37).

 **IT IS SO ORDERED**.

 The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: September 27, 2023     s/Curtis Ivy, Jr.
            Curtis Ivy, Jr.
            United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

     The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on September 27, 2023.

<div style="margin-left:40%">

<u>s/Sara Krause</u>
Case Manager
(810) 341-7850

</div>