UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN J. LYNGAAS, D.D.S.,
P.L.L.C.,
     Plaintiff,
     v.

SOLSTICE BENEFITS, INC.,
     Defendant.
_____/

Case No. 22-10830

Linda V. Parker
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## ORDER ON DISCOVERY MOTIONS (ECF Nos. 92, 93, 95)

### I.   PROCEDURAL HISTORY

Plaintiff Brian J. Lyngaas, D.D.S., P.L.L.C. ("Lyngaas") filed this complaint on April 18, 2022.  (ECF No. 1).  It filed a motion to compel production of third-party declarations in the possession of Defendant and a motion for leave to take additional third-party depositions after the discovery cutoff date.  (ECF Nos. 92, 93).  Defendant Solstice Benefits, Inc. ("Solstice") then filed a motion for a protective order barring Plaintiff's subpoenas.  (ECF No. 95).  The motions are all fully briefed.  (ECF Nos. 97, 98, 100, 101, 103, 107).  This case was referred to the undersigned for all pretrial matters.  (ECF No. 46).

For the reasons discussed below, Plaintiff's motion to compel and motion for leave to take additional depositions are **DENIED**.  Defendant's motion for protective order is **MOOT**.

## II.    BACKGROUND

Plaintiff is a dental practice located in Livonia, Michigan.  (ECF No. 1, PageID.3).  Plaintiff claims that Solstice sent it unsolicited advertisements by facsimile.  (*Id.* at PageID.4).  It brings claims of violation of the Telephone Consumer Protection Act ("TCPA").  (ECF No. 1).

Solstice informed Plaintiff of potential witness Barry Clark of WestFax, Inc. ("WestFax") on October 13, 2022, and submitted interrogatory responses in October 2022, making WestFax's relevancy in the case clear.  (ECF No. 108, PageID.4147).  It also told Plaintiff that the Government Employees Health Association, Inc. ("GEHA") and United Concordia Companies, Inc. ("UCCI") were "persons with knowledge relevant to Solstice's defenses" in interrogatory responses served on October 24, 2022 "as well as numerous supplements served throughout this case."  (*Id.* at PageID.4147-48).

Discovery was set to close on July 23, 2024.  (ECF No. 80).  On July 10, 2024, Defendant made a fifth supplemental rule 26(a)(1) disclosure and stated that WestFax has knowledge regarding the finalization and transmission of the fax sent to Plaintiff, and that GEHA has knowledge regarding a network access agreement and relationship with Solstice.  (ECF No. 99-4, PageID.4042-43).  It also stated that it had declarations from Barry Clark of WestFax, Matthew Bryan of GEHA, and eight other individuals.  (*Id.* at PageID.4049).

In these motions, Plaintiff claims that Defendant disclosed, for the first time, that it had in its possession, custody, or control, signed declarations from Barry Clark of WestFax and Matthew Bryan of GEHA in its Fifth Supplemental Rule 26(a) disclosure on July 10, 2024.  (ECF No. 92-1, PageID.2294).  Then, it states that Solstice served its Sixth Supplemental 26(a) disclosure, disclosing a signed declaration from one more person on July 22, 2024, which was one day before the close of discovery.  (*Id.*).  Plaintiff claims that Solstice is "improperly withholding facts and information from discovery that are clearly relevant and pertain to the facts and defenses asserted in this case" that bear on class certification or liability analysis.  (*Id.*).  It requests the declarations.  (*Id.*).

Defendant argues that the work-product doctrine shields the declarations, and that Plaintiff could have obtained equivalent material because all the "declarants were available to Plaintiff" since its October 2022 notice.  (ECF No. 97, Page.ID.3003).

In Plaintiff's motion for leave to take additional third-party depositions, it states that it served notices of intent to serve subpoenas on the ten individuals Defendant revealed in its Fifth Supplemental Rule 26(a) disclosures.  (ECF No. 93-1, PageID.2332).  It requests an extension of the discovery schedule "solely to complete the depositions and receive the subpoenaed materials."  (*Id.* at PageID.2325).  Plaintiff had, before the disclosures at issue, deposed six of

Defendant's other employees, one representative witness designated by Defendant, and three expert witnesses Defendant had identified.  (*Id.* at PageID.2329). Plaintiff argues that the three expert depositions should not be counted against the ten-deposition limit, and that it should be permitted to depose the Barry Clark of WestFax and Mathew Bryan of GEHA, who Defendant disclosed in its fifth supplemental disclosures.  (*Id.* at PageID.2335).  It argues that its total number of depositions after these two depositions will be nine.  (*Id.*).

Because of this, the parties disagree over whether the subpoenas are valid because they were issued before seeking or obtaining leave to extend the discovery cutoff.  Defendant also claims that Plaintiff has failed to show good cause to extend discovery and to conduct the requested discovery.  (ECF No. 98).

Defendant then filed a motion for protective order barring Plaintiff's subpoenas.  (ECF No. 95, PageID.2452).  It argues that the subpoenas are untimely and violate the discovery cutoff, and that Plaintiff did not seek leave of the Court to extend the cutoff before issuing the subpoenas.  (*Id.* at PageID.2462-63). Finally, it claims that the subpoenas request protected attorney work product.  (*Id.* at PageID.2465).  Plaintiff disagrees and argues it has shown diligence and good cause for extending the discovery deadlines and that the work-product doctrine does not apply.  (ECF No. 103).

**III.   ANALYSIS**

A.     General Discovery Principles

Parties may obtain discovery related to any nonprivileged matter relevant to

any party's claim or defense and proportional to the needs of the case, considering

the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26.

Information within this scope of discovery need not be admissible in evidence to

be discoverable.  *Id.*  "Although a [party] should not be denied access to

information necessary to establish her claim, neither may a [party] be permitted to

'go fishing,' and a trial court retains discretion to determine that a discovery

request is too broad and oppressive."  *Superior Prod. P'ship v. Gordon Auto Body*

*Parts, Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v.*

*Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).  A party seeking

discovery may move for an order compelling an answer, designation, production,

or inspection.  Fed. R. Civ. P. 37.

B.     Plaintiff's Motion to Compel (ECF No. 92)

Plaintiff seeks eleven declarations Defendant holds.  (ECF No. 92-1,

PageID.224).  It moves to compel "under Rules 26, 34, and 37 of the Federal Rules

of Civil Procedure."  (ECF No. 92, PageID.2290).  The motion raises one main

argument: that the declarations are not protected by the work-product doctrine.

(ECF No. 92).  It also states that "Plaintiff may obtain discovery 'regarding any

nonprivileged matter that is relevant." (ECF No. 92-1, PageID.2295) (citing Fed.

R. Civ. P. 26(b)(1)).  Defendant responds and argues that the declarations are

protected by the work-product doctrine, and that Plaintiff has no substantial need

for the declarations.  (ECF No. 97).

Without deciding whether the work-product doctrine applies, Plaintiff's

motion to compel is **DENIED**.  Federal Rules 33 and 34 permit parties to serve

interrogatories and requests for production of documents on an opposing party.

Fed. R. Civ. P. 33, 34.  A respondent has thirty days to respond with answers or

objections.  *Chopra v. Physicians Med. Ctr., LLC*, 2017 WL 1901920 (E.D. Mich.

May 9, 2017) (citing Fed. R. Civ. P. 33, 34).  It is "[w]here a party fails to respond

to these requests properly" that "Federal Rule 37 allows the requesting party to file

a motion to compel." *Id.*; *Davis-Hussung v. Lewis*, No. 14-14964, 2015 WL

5546995, at *1 (E.D. Mich. Aug. 31, 2015) ("A motion to compel is not timely

until a discovery request has been tendered *in accordance with [the federal rules]*).

It is important to recognize that the rules only permit a motion to compel "if the

requests . . . [have] either (1) not been responded to despite the passing of the

deadline for response; or (2) responded to in a way that leads the requesting party

to believe the response is insufficient") (citing Fed. R. Civ. P. 26-37).

Plaintiff did not serve a proper discovery request for the declarations either prior to this motion or in this motion.  It therefore cannot move to compel discovery.  Plaintiff is not entitled to relief on its motion.

C.    Plaintiff's Motion to take Depositions after Discovery Cutoff

Plaintiff then moves to take depositions of Barry Clark of Westfax, Inc. and Matthew Bryan of GEHA, both of whom were listed in Defendant's disclosures. Plaintiff therefore learned of the parties at issue in October 2022, two years before the supplemental disclosures.  Because they were on notice, the burden is not on Defendant to give the documents.

Also, Plaintiff's subpoenas are untimely.  They were issued on July 19, 2024, and requested the two subpoenaed witnesses to appear within 21 days, and instructed the other subpoenaed parties to respond with documents within 14 days. (ECF No. 93, PageID.2324-25).  These subpoenas violate the discovery cutoff of July 23, 2024.  (ECF No. 80).  "'To allow [a party] to use a Rule 45 subpoena in order to depose a witness after the discovery cut-off deadline has passed, without express approval from this Court, would clearly amount to nothing more than a circumvention' of the scheduling order."  *Univ. Truckload, Inc. v. Bridge*, 2023 WL 3309849, at *1 (E.D. Mich. May 8, 2023) (internal citations omitted). "Discovery [must] be *completed* on or before the date set forth in the scheduling order."  *Donald J. Ulrich Assocs., Inc. v. Bill Forge Priv. Ltd.*, 2018 WL 6061083,

at *2 (E.D. Mich. Nov. 20, 2018) (emphasis original) ("The court will not order

discovery to take place subsequent to the discovery cutoff date.") (internal citations

omitted). When a subpoena has a "return [date] after the scheduling order," and

calls for "non-parties to produce documents and appear for deposition after the

undisputed discovery cut-off date," it violates the discovery deadline. (ECF No.

98, PageID.3409); *see also Universal Truckload*, 2023 WL 3309840, at *1 (When

discovery closed on February 20, 2023, a subpoena issued on February 20, 2023

"was not timely because . . . [it] would not leave sufficient time for discovery to be

completed by the deadline."); *Drahuse v. Fed. Home Loan Mortg. Corp.*, 2011 WL

4088170, at *2 (E.D. Mich. Sept. 14, 2011) (where "Plaintiff filed interrogatories

and requests for documents" on May 10, 2011 and May 16, 2011, but the closing

date of discovery was May 23, 2011, "[t]he discovery requests were . . . untimely"

because the responses to the requests would be after May 30, 2011).

The discovery cutoff will not be extended to take the depositions. A

modification may be granted when there is "good cause and with the judge's

consent." Fed. R. Civ. P. 16(b)(4). In the context of requests to extend the

discovery deadlines, the court considers (1) when the moving party learned of the

issue that is the subject of discovery; (2) how the discovery would affect the ruling

below; (3) the length of the discovery period; (4) whether the moving party was

dilatory; and (5) whether the adverse party was responsive to prior discovery

requests.  *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010).

"The primary measure of Rule 16's 'good cause' standard is the moving party's

diligence in attempting to meet the case management order's requirements."  *Inge*

*v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks

and citations omitted).

Here, there is no good cause to extend the discovery deadlines.  First, as

Defendant states, it had disclosed WestFax, GEHA, and UCCI in October 2022.

(ECF No. 98, PageID.3413).  The disclosures complied with Rule 26(a)(1)'s

requirement to provide "the name and, if known, the address and telephone number

of each individual likely to have discoverable information – along with the subjects

of that information – that the disclosing party may use to support its claims or

defenses."  Plaintiff therefore learned of the parties at issue in October 2022, two

years before the supplemental disclosures.  Because of this, it does not appear as

though Defendant was dilatory.  Instead, it seems as though Plaintiff was not

diligent in attempting to meet the case management order's requirements, and that

Plaintiff had an opportunity to obtain the discovery before the dispute at issue.

Also, the length of discovery period weighs against Plaintiff's motion to extend the

deadlines – discovery here has been ongoing for two years.  As a result, Plaintiff

has not shown good cause to extend the length of discovery.

Plaintiff's motion to take depositions and extend the discovery period is

**DENIED.**

      D.      <u>Defendant's Motion for Protective Order</u>

Defendant's moves for a protective order.  This motion is moot.  A motion

for a protective order is available to "a party or any person from whom discovery is

sought." Fed. R. Civ. P. 26(c)(1).  Given that Plaintiff is not entitled to its

requested discovery or an extension of the discovery periods, Defendant has no

need for a protective order.

      E.      <u>Attorney's Fees</u>

Both parties request attorney's fees.  In its motion to compel, Plaintiff argues

that "if a motion to compel is granted, a 'party or attorney' must pay the 'movant's

reasonable expenses incurred in making the motion, including attorney's fees[.]"

(ECF No. 92-1, PageID.2299).  Because the motion to compel is not granted,

Plaintiff should not be granted attorney's fees.

Defendant argues that it should be granted attorney's fees because it

successfully opposed the motion to compel.  In Defendant's motion for protective

order, it claims that it should be awarded attorney's fees because Plaintiff has

"impos[ed] burdens on . . . Solstice" by issuing "invalid and untimely Subpoenas

that clearly ran afoul of the deposition limits, the July 23, 2024 discovery cut-off,

this Court's Scheduling Orders, and the Federal Rules of Civil Procedure, in

violation of Rule 26(g)." (ECF No. 95, PageID.2479).  When a court "grants a motion for a protective order, it must, after giving an opportunity to be heard, order payment of reasonable expenses incurred in making the motion to the prevailing party, unless an exception applies." (citing Fed. R. Civ. P. 37(a)(5)(A)).  As mentioned above, Defendant's motion is moot, and Plaintiff's motions are denied. And the Court does not determine Defendant is not entitled to attorney's fees.

For the reasons set forth above, Plaintiff's motions to compel production of third party declarations and for leave to take additional third party depositions and extend the discovery cutoff are **DENIED**.  (ECF Nos. 92, 93).  Defendant's motion for a protective order barring Plaintiff's subpoenas is **MOOT**.  (ECF No. 95).

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date:  October 4, 2024.                                   s/Curtis Ivy, Jr.
                                                          Curtis Ivy, Jr.
                                                          United States Magistrate Judge