# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| BRIAN J. LYNGAAS, D.D.S., P.L.L.C., individually and on behalf of all others similarly-situated, | ) | Case No. 22-cv-10830 |
| Plaintiff, | ) | Hon. Linda V. Parker |
| v. | ) | Hon. Curtis Ivy, Jr. |
| SOLSTICE BENEFITS, INC. and JOHN DOES 1-5, | ) | **CLASS ACTION** |
| Defendants. | ) | |

**DEFENDANT SOLSTICE BENEFITS, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Solstice Benefits, Inc. ("Solstice"), by and through undersigned counsel, hereby serves its Second Supplemental Objections and Responses to Plaintiff Bryan J. Lyngaas, D.D.S., P.L.L.C's First Set of Interrogatories Directed to Solstice Benefits, Inc., dated September 24, 2022.

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated by reference into each Response detailed below given objections to certain definitions and instructions and are being made as General Objections solely on that basis. The following General Objections are made with respect to the Requests and the

Definitions contained thereto and incorporated in the Requests. The failure to refer specifically to a General Objection shall not be construed as a waiver of that General Objection. In addition, the assertion of the same, similar or additional objections in response to a specific Request does not waive any General Objection as set forth more fully below.

1. Solstice's Responses are made without waiver of, and with preservation of, the following:

   a. All questions as to competency, relevancy, materiality, privilege, and admissibility of each Response and the subject matter thereof as evidence for any purpose in any further proceedings in this action, including the trial of this action;

   b. The right to object on any ground to the use of any response or the subject matter thereof in any further proceedings in this action, including the trial of this action; and

   c. The right to object on any ground at any time to a demand or request for further response, including production of documents or interrogatories, to these or any other discovery proceedings involving or relating to the subject matter of the Requests.

2. Solstice objects to the definition of "Subject Fax" as overly broad, unduly burdensome, vague, ambiguous, unintelligible, calling for a legal conclusion,

seeking irrelevant information, and disproportional to the needs of the case. Plaintiff attempts to include within the scope of the definition of "Subject Fax" "every fax Solstice sent . . . advertising the commercial availability or quality of any property, goods, or services, including without limitation all faxes indicating that 'the recipient is entitled to request that the sender not send any future advertisements to its telephone facsimile machines' or words to that effect." Plaintiff alleges that he received ***one*** fax in violation of the TCPA on or about April 23, 2018. *See* Compl. at ¶ 4. Discovery regarding any fax of a type differing from the exact fax attached to the Complaint as Exhibit A, *i.e.*, the one that he allegedly received on April 23, 2018, especially on the broad terms sought by Plaintiff for a period of over four years, and requiring the application of a legal conclusion that does not even apply to Exhibit A, is therefore plainly overbroad, unduly burdensome, seeks irrelevant information, and disproportional to the needs of the case because it would not be relevant to any party's claim or defense, as it does not concern any fax allegedly received by the Plaintiff. Moreover, the language regarding "future advertisements" has no relationship to or bearing or relevance on whether or not a document containing such language constitutes an advertisement, just as a contract whereby one party consents to receive "future advertisements" over the telephone or by fax is not itself an advertisement. Solstice will therefore limit its Responses to Requests containing this defined term – "Subject Fax" or "Subject Faxes" – to the facsimile

transmission attached to the Complaint as Exhibit A and any other facsimile transmission stating the same language to any other person on or about the same date that Plaintiff alleges he received it (hereinafter the "Fax Message").

3. Solstice objects to the Requests on the grounds that they are overbroad, unduly burdensome, seek irrelevant information, and are disproportional to the needs of the case as there is no delineated relevant time period. Subject to and without waiver of any other objections to the Requests asserted by Solstice, and unless otherwise stated, Solstice will limit the relevant period to its response to the Requests to be no earlier than April 18, 2018.

**SECOND SUPPLEMENTAL SPECIFIC OBJECTIONS AND RESPONSES**

**15. If you obtained prior express invitation or permission to send a Subject Fax to any person or entity, (a) identify each such person or entity by name, address, fax number, telephone number, and date of invitation or permission, (b) explain the facts and circumstances of obtaining their express invitation or permission, (c) identify each person with knowledge of that express invitation or permission, and (d) identify each person involved in maintaining a log or other record of that express invitation or permission.**

**RESPONSE:** In addition to the General Objections, Solstice objects to this request on the grounds that the definition of "Subject Fax" is overly broad, unduly burdensome, vague, ambiguous, unintelligible, calls for a legal conclusion, seeks irrelevant information, and is disproportional to the needs of the case, including with respect to identifying the facts and circumstances of every single person who gave invitation, permission, or consent to receive the Fax Message and

each person with knowledge thereof. Responding with the requested specifics for each relevant person is plainly unduly burdensome and disproportional to the needs of the case (given the significant number of such persons and the identical forms or documents) when exemplars and, if necessary, representative samples will be sufficient. Furthermore, Plaintiff attempts to include within the scope of the definition of "Subject Fax" "every fax Solstice sent . . . advertising the commercial availability or quality of any property, goods, or services, including without limitation all faxes indicating that 'the recipient is entitled to request that the sender not send any future advertisements to its telephone facsimile machines' or words to that effect." Plaintiff alleges that he received ***one*** fax in violation of the TCPA on or about April 23, 2018. *See* Compl. at ¶ 4. Discovery regarding any fax of a type differing from the exact fax attached to the Complaint as Exhibit A, *i.e.*, the one that he allegedly received on April 23, 2018, especially on the broad terms sought by Plaintiff for a period of over four years, and requiring the application of a legal conclusion that does not even apply to Exhibit A, is therefore plainly overbroad, unduly burdensome, seeks irrelevant information, and disproportional to the needs of the case because it would not be relevant to any party's claim or defense, as it does not concern any fax allegedly received by the Plaintiff. Moreover, the language regarding "future advertisements" has no relationship to or bearing or relevance on whether or not a document containing such language constitutes an advertisement,

just as a contract whereby one party consents to receive "future advertisements" over the telephone or by fax is not itself an advertisement. Solstice will therefore limit its Responses to Requests containing this defined term – "Subject Fax" or "Subject Faxes" – to the facsimile transmission attached to the Complaint as Exhibit A and any other facsimile transmission stating the same language to any other person on or about the same date that Plaintiff alleges he received it.

Solstice further objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case to the extent it asks for an identification of each person involving in maintaining a log or other record of express invitation or permission. It is not entirely clear what is being sought when, as here, the express invitation or permission is based upon direct agreements with persons on Solstice's network or through agreements with other carriers, and therefore Solstice is unable to respond to this aspect of the request.

Subject to and without waiver of the foregoing General and Specific objections, Solstice responds as follows: Solstice has the ability to lawfully communicate with providers via fax based on its relationships and agreements with the recipients, here existing dental care providers on Solstice's network and networks leased by Solstice through agreements with United Concordia and PPO USA, or through the network access agreements/leases with United Concordia and PPO USA, as well established business relationships with providers, including but

not limited through claims submission and processing. Ascertaining all of this information would require an analysis of each network, the information provided and forms signed by providers, and the differing and unique circumstances of those relationships with Solstice, and it would be unduly burdensome and disproportional to the needs of the case to require specifics for each relevant person when exemplars and, if necessary, representative samples will be sufficient. Persons with knowledge of the providers within said networks would be within the Provider Relations Team headed by Stacey Brocatto-McManus. As the remainder of Solstice's answer may be determined by examining certain business records subject to and as limited by the foregoing objections, and the burden of deriving or ascertaining the answer will be substantially the same for either party, pursuant to Federal Rule of Civil Procedure 33(d), Solstice will supplement this response to specify from its production the records responsive to this request.

**SUPPLEMENTAL RESPONSE:** In addition to the General Objections, Solstice objects to this request on the grounds that the definition of "Subject Fax" is overly broad, unduly burdensome, vague, ambiguous, unintelligible, calls for a legal conclusion, seeks irrelevant information, and is disproportional to the needs of the case, including with respect to identifying the facts and circumstances of every single person who gave invitation, permission, or consent to receive the Fax Message and each person with knowledge thereof. Responding with the requested specifics

for each relevant person is plainly unduly burdensome and disproportional to the needs of the case (given the significant number of such persons and the identical forms or documents) when exemplars and, if necessary, representative samples will be sufficient. Furthermore, Plaintiff attempts to include within the scope of the definition of "Subject Fax" "every fax Solstice sent . . . advertising the commercial availability or quality of any property, goods, or services, including without limitation all faxes indicating that 'the recipient is entitled to request that the sender not send any future advertisements to its telephone facsimile machines' or words to that effect." Plaintiff alleges that he received ***one*** fax in violation of the TCPA on or about April 23, 2018. *See* Compl. at ¶ 4. Discovery regarding any fax of a type differing from the exact fax attached to the Complaint as Exhibit A, *i.e.*, the one that he allegedly received on April 23, 2018, especially on the broad terms sought by Plaintiff for a period of over four years, and requiring the application of a legal conclusion that does not even apply to Exhibit A, is therefore plainly overbroad, unduly burdensome, seeks irrelevant information, and disproportional to the needs of the case because it would not be relevant to any party's claim or defense, as it does not concern any fax allegedly received by the Plaintiff. Moreover, the language regarding "future advertisements" has no relationship to or bearing or relevance on whether or not a document containing such language constitutes an advertisement, just as a contract whereby one party consents to receive "future advertisements" over

the telephone or by fax is not itself an advertisement. Solstice will therefore limit its Responses to Requests containing this defined term – "Subject Fax" or "Subject Faxes" – to the facsimile transmission attached to the Complaint as Exhibit A and any other facsimile transmission stating the same language to any other person on or about the same date that Plaintiff alleges he received it.

Solstice further objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case to the extent it asks for an identification of each person involving in maintaining a log or other record of express invitation or permission. It is not entirely clear what is being sought when, as here, the express invitation or permission is based upon direct agreements with persons on Solstice's network or through agreements with other carriers, and therefore Solstice is unable to respond to this aspect of the request.

Subject to and without waiver of the foregoing General and Specific objections, Solstice responds as follows: Solstice has the ability to lawfully communicate with providers via fax based on its relationships and agreements with the recipients, here existing dental care providers on Solstice's network and networks leased by Solstice through agreements with United Concordia and PPO USA, or through the network access agreements/leases with United Concordia and PPO USA, as well established business relationships with providers, including but not limited through claims submission and processing. Ascertaining all of this

information would require an analysis of each network, the information provided and forms signed by providers, and the differing and unique circumstances of those relationships with Solstice, and it would be unduly burdensome and disproportional to the needs of the case to require specifics for each relevant person when exemplars and, if necessary, representative samples will be sufficient. Persons with knowledge of the providers within said networks would be within the Provider Relations Team headed by Stacey Brocatto-McManus. As the remainder of Solstice's answer may be determined by examining certain business records subject to and as limited by the foregoing objections, and the burden of deriving or ascertaining the answer will be substantially the same for either party, pursuant to Federal Rule of Civil Procedure 33(d), Solstice refers Plaintiff to the documents produced by Solstice bearing Bates numbers SOLSTICE000001-13, SOLSTICE000090-132, SOLSTICE000135-160, SOLSTICE000203-206, SOLSTICE000723-727, SOLSTICE000728-745, SOLSTICE000746-752, SOLSTICE000753-757.

**SECOND SUPPLEMENTAL RESPONSE:** Solstice incorporates by reference as if stated herein its initial and supplemental response, including asserted objections, to this Interrogatory. Subject to and as limited by those foregoing foregoing General and Specific objections, Solstice further supplements its response as follows: As previously mentioned, Solstice has the ability to lawfully communicate with providers via fax based on its relationships and agreements with

the recipients, here existing dental care providers on Solstice's network and networks leased by Solstice through agreements with United Concordia and PPO USA, or through the network access agreements/leases with United Concordia and PPO USA, as well established business relationships with providers, including but not limited through claims submission and processing. One form in which that takes place is when providers request confirmation or a report for verification of a patient's eligibility for benefits by fax transmission to their fax number, which Solstice provides by fax transmission. Solstice maintains records going back to October 12, 2017 of confirmations or reports of verification of a patient's eligibility for benefits faxed by Solstice to a provider upon its request which identify said provider by fax number. Such communications, however, routinely took place prior to October 12, 2017 and at all relevant times for purposes of this lawsuit in the ordinary course of Solstice's business and routine practice. As the remainder of Solstice's answer may be determined by examining certain business records subject to and as limited by the foregoing objections, and the burden of deriving or ascertaining the answer will be substantially the same for either party, pursuant to Federal Rule of Civil Procedure 33(d), Solstice refers Plaintiff to the document produced by Solstice bearing Bates number SOLSTICE000203-206 and SOLSTICE000779.

**16. If you had an EBR with any person sent one of the Subject Faxes, (a) identify each such person by name, address, fax number, telephone number, and date of your established business relationship, (b) describe your relationship with the person, (c) identify the person with knowledge of that established business relationship, and (d) identify each person involved in maintaining a log or other record of that established business relationship.**

**RESPONSE:** In addition to the General Objections, Solstice objects to this request on the grounds that the definition of "Subject Fax" is overly broad, unduly burdensome, vague, ambiguous, unintelligible, calls for a legal conclusion, seeks irrelevant information, and is disproportional to the needs of the case. Responding with the requested specifics for each relevant person is plainly unduly burdensome and disproportional to the needs of the case (given the significant number of such persons and the identical forms or documents) when exemplars and, if necessary, representative samples will be sufficient. Furthermore, Plaintiff attempts to include within the scope of the definition of "Subject Fax" "every fax Solstice sent . . . advertising the commercial availability or quality of any property, goods, or services, including without limitation all faxes indicating that 'the recipient is entitled to request that the sender not send any future advertisements to its telephone facsimile machines' or words to that effect." Plaintiff alleges that he received ***one*** fax in violation of the TCPA on or about April 23, 2018. *See* Compl. at ¶ 4. Discovery regarding any fax of a type differing from the exact fax attached to the Complaint as Exhibit A, *i.e.*, the one that he allegedly received on April 23, 2018, especially on the broad terms sought by Plaintiff for a period of over four

years, and requiring the application of a legal conclusion that does not even apply to Exhibit A, is therefore plainly overbroad, unduly burdensome, seeks irrelevant information, and disproportional to the needs of the case because it would not be relevant to any party's claim or defense, as it does not concern any fax allegedly received by the Plaintiff. Moreover, the language regarding "future advertisements" has no relationship to or bearing or relevance on whether or not a document containing such language constitutes an advertisement, just as a contract whereby one party consents to receive "future advertisements" over the telephone or by fax is not itself an advertisement. Solstice will therefore limit its Responses to Requests containing this defined term – "Subject Fax" or "Subject Faxes" – to the facsimile transmission attached to the Complaint as Exhibit A and any other facsimile transmission stating the same language to any other person on or about the same date that Plaintiff alleges he received it.

Solstice further objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case to the extent it asks for an identification of each person involving in maintaining a log or other record of established business relationship. It is not entirely clear what is being sought when, as here, the established business relationship is in part based upon direct agreements with persons on Solstice's network or through agreements

with other carriers, and therefore Solstice is unable to respond to this aspect of the request.

Subject to and without waiver of the foregoing General and Specific objections, Solstice responds as follows: Solstice had an established business relationship with the recipients of the Fax Message, here already existing dental care providers on Solstice's network and networks leased by Solstice through agreements with United Concordia and PPO USA, or through the network access agreements/leases with United Concordia and PPO USA. Established business relationships also occurred through voluntary two-way communications between Solstice and a provider based on claims submission and processing or an inquiry regarding Solstice's plans or services. Ascertaining all of this information would require an analysis of each network, the information provided and forms signed by providers, and the differing and unique circumstances of those relationships with Solstice, and it would be unduly burdensome and disproportional to the needs of the case to require specifics for each relevant person when exemplars and, if necessary, representative samples will be sufficient. Persons with knowledge of the providers within said networks would be within the Provider Relations Team headed by Stacey Brocatto-McManus. As the remainder of Solstice's answer may be determined by examining certain business records subject to and as limited by the foregoing objections, and the burden of deriving or ascertaining the answer will be

substantially the same for either party, pursuant to Federal Rule of Civil Procedure 33(d), Solstice will supplement this response to specify from its production the records responsive to this request.

**SUPPLEMENTAL RESPONSE:** In addition to the General Objections, Solstice objects to this request on the grounds that the definition of "Subject Fax" is overly broad, unduly burdensome, vague, ambiguous, unintelligible, calls for a legal conclusion, seeks irrelevant information, and is disproportional to the needs of the case. Responding with the requested specifics for each relevant person is plainly unduly burdensome and disproportional to the needs of the case (given the significant number of such persons and the identical forms or documents) when exemplars and, if necessary, representative samples will be sufficient. Furthermore, Plaintiff attempts to include within the scope of the definition of "Subject Fax" "every fax Solstice sent . . . advertising the commercial availability or quality of any property, goods, or services, including without limitation all faxes indicating that 'the recipient is entitled to request that the sender not send any future advertisements to its telephone facsimile machines' or words to that effect." Plaintiff alleges that he received ***one*** fax in violation of the TCPA on or about April 23, 2018. *See* Compl. at ¶ 4. Discovery regarding any fax of a type differing from the exact fax attached to the Complaint as Exhibit A, *i.e.*, the one that he allegedly received on April 23, 2018, especially on the broad terms sought by Plaintiff for a period of over four

years, and requiring the application of a legal conclusion that does not even apply to Exhibit A, is therefore plainly overbroad, unduly burdensome, seeks irrelevant information, and disproportional to the needs of the case because it would not be relevant to any party's claim or defense, as it does not concern any fax allegedly received by the Plaintiff. Moreover, the language regarding "future advertisements" has no relationship to or bearing or relevance on whether or not a document containing such language constitutes an advertisement, just as a contract whereby one party consents to receive "future advertisements" over the telephone or by fax is not itself an advertisement. Solstice will therefore limit its Responses to Requests containing this defined term – "Subject Fax" or "Subject Faxes" – to the facsimile transmission attached to the Complaint as Exhibit A and any other facsimile transmission stating the same language to any other person on or about the same date that Plaintiff alleges he received it.

Solstice further objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case to the extent it asks for an identification of each person involving in maintaining a log or other record of established business relationship. It is not entirely clear what is being sought when, as here, the established business relationship is in part based upon direct agreements with persons on Solstice's network or through agreements

with other carriers, and therefore Solstice is unable to respond to this aspect of the request.

Subject to and without waiver of the foregoing General and Specific objections, Solstice responds as follows: Solstice had an established business relationship with the recipients of the Fax Message, here already existing dental care providers on Solstice's network and networks leased by Solstice through agreements with United Concordia and PPO USA, or through the network access agreements/leases with United Concordia and PPO USA. Established business relationships also occurred through voluntary two-way communications between Solstice and a provider based on claims submission and processing or an inquiry regarding Solstice's plans or services. Ascertaining all of this information would require an analysis of each network, the information provided and forms signed by providers, and the differing and unique circumstances of those relationships with Solstice, and it would be unduly burdensome and disproportional to the needs of the case to require specifics for each relevant person when exemplars and, if necessary, representative samples will be sufficient. Persons with knowledge of the providers within said networks would be within the Provider Relations Team headed by Stacey Brocatto-McManus. As the remainder of Solstice's answer may be determined by examining certain business records subject to and as limited by the foregoing objections, and the burden of deriving or ascertaining the answer will be

substantially the same for either party, pursuant to Federal Rule of Civil Procedure 33(d), Solstice refers Plaintiff to the documents produced by Solstice bearing Bates numbers SOLSTICE000001-13, SOLSTICE000090-132, SOLSTICE000135-160, SOLSTICE000203-206, SOLSTICE000723-727, SOLSTICE000728-745, SOLSTICE000746-752, SOLSTICE000753-757, SOLSTICE000758-760.

**SECOND SUPPLEMENTAL RESPONSE:** Solstice incorporates by reference as if stated herein its initial and supplemental response, including asserted objections, to this Interrogatory. Subject to and as limited by those foregoing General and Specific objections, Solstice further supplements its response as follows: As previously mentioned, Solstice had an established business relationship with the recipients of the Fax Message, here already existing dental care providers on Solstice's network and networks leased by Solstice through agreements with United Concordia and PPO USA, or through the network access agreements/leases with United Concordia and PPO USA. Established business relationships also occurred through voluntary two-way communications between Solstice and a provider based on claims submission and processing or an inquiry regarding Solstice's plans or services. One form in which that takes place is when providers request confirmation or a report for verification of a patient's eligibility for benefits by fax transmission to their fax number, which Solstice provides by fax transmission. Solstice maintains records going back to October 12, 2017 of confirmations or

reports of verification of a patient's eligibility for benefits faxed by Solstice to a provider upon its request which identify said provider by fax number. Such communications, however, routinely took place prior to October 12, 2017 and at all relevant times for purposes of this lawsuit in the ordinary course of Solstice's business and routine practice. As the remainder of Solstice's answer may be determined by examining certain business records subject to and as limited by the foregoing objections, and the burden of deriving or ascertaining the answer will be substantially the same for either party, pursuant to Federal Rule of Civil Procedure 33(d), Solstice refers Plaintiff to the document produced by Solstice bearing Bates number SOLSTICE000203-206, SOLSTICE000777, SOLSTICE000778, and SOLSTICE000779.

Dated: October 3, 2023

GREENSPOON MARDER LLP

*/s/ Roy Taub*
Jeffrey A. Backman
Roy Taub
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
954.491.1120 (Telephone)
954.343.6958 (Facsimile)
jeffrey.backman@gmlaw.com
roy.taub@gmlaw.com

SMITH HAUGHEY RICE & ROEGGE, PC
Kristen E. Guinn
100 Monroe Center NW
Grand Rapids, MI 49503
(616) 458-6245 (Telephone)

(616) 774-2461 (Facsimile)
kguinn@shrr.com

*Attorneys for Defendant*
*Solstice Benefits, Inc.*

# VERIFICATION

SOLSTICE BENEFITS, INC.

Stacey Brocatto-McManus

By: Stacey Brocatto-McManus
As Its: Vice President, Provider Relations

STATE OF NEW JERSEY )
) ss:
COUNTY OF Middlesex )

BEFORE ME the undersigned officer, authorized to administer oaths and take acknowledgments, personally appeared Stacey Brocatto-McManus, as Vice President, Provider Relations for Solstice Benefits, Inc., who after being duly sworn, deposes and says that the foregoing second supplemental answers to Plaintiff's First Set of Interrogatories, are true and correct to the best of her knowledge and belief, including upon her review of information available to Solstice Benefits, Inc.

SWORN TO AND SUBSCRIBED before me this 30th day of September, 2023.

NOTARY PUBLIC
STATE OF NEW JERSEY

[SEAL]

Margaret J Baez
Signature of Notary Public

MARGARET J BAEZ
Notary Public - State of New Jersey
My Commission Expires Mar 10, 2025

Margaret J. Baez
Typed/Printed Name of Notary Public

My Commission Expires: March 10, 2025

☐ Personally Known OR
☑ Produced Identification
☑ Type of Identification Produced: New Jersey Driver's License.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record via e-mail on October 3, 2023.

By: *__/s/ Roy Taub__*
ROY TAUB